FILED
 2016 Jun-16  AM 10:42
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARY NORMAN PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 2:15-cv-885-KOB |
| NATIONWIDE GENERAL INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on the Nationwide's "Motion for Summary Judgment and Determination of Undisputed Facts." (Doc. 8). Following an automobile collision, Devoreia T. Watts sued Mary Norman Phillips in the Circuit Court of Jefferson County, Alabama. Although Ms. Phillips contended that Nationwide was her insurer at the time of the collision, Nationwide did not defend Ms. Phillips in Ms. Watts' suit against her. Ms. Phillips then filed a third party complaint[1] for declaratory judgment and asserted claims for breach of contract, bad faith, and unjust enrichment against Nationwide.

---

[1] Although Phillips styled her suit against Nationwide as a "cross claim," the court notes that Ms. Phillip's complaint against Nationwide is a third party complaint. A cross claim is a "claim by one party against a co-party." See Ala. R. Civ. P. 13(g); Fed. R. Civ. P. 13(g). On the other hand, a third party complaint occurs when a defending party serves a complaint on a non-party. See Ala. R. Civ. P. 14(a); Fed. R. Civ. P. 14(a). Because Ms. Watts sued only Ms. Phillips and Nationwide was not a party to the lawsuit, Ms. Phillips' suit against Nationwide could not have been a cross claim, but instead was a third party action.

Nationwide timely removed the case to this court and filed this motion for summary judgment. Nationwide moved for summary judgment and claims it did not owe Ms. Phillips a defense or indemnity because no insurance contract existed at the time of the collision. Ms Phillips did not respond to Nationwide's motion for summary judgment.

As discussed below, Nationwide's motion for summary judgment is due to be GRANTED.

**I. Undisputed Facts**

Ms. Phillips has not responded to Nationwide's motion for summary judgment. Consequently, whenever Ms. Phillips has failed to dispute one of Nationwide's facts by not responding to the motion, the court has reviewed Nationwide's cited evidence and, if it in fact fairly supports Nationwide's factual assertion, has accepted Nationwide's fact as true.

Plaintiff Mary Norman Phillips took out a automobile insurance policy with Nationwide in May of 2007, policy number 7701P975347. The policy provided that the policy renewed every six months. The policy also contained the following provision:

> 4. NON-RENEWAL
> a) At the end of each six-month period after the effective date of this policy, we will have the right to refuse to renew the entire policy or any of its coverages.
>
> b) If we elect not to renew, we will mail or deliver written notice to the policyholder 30 days in advance of the date our action will take effect. Mailing of this notice to the last known address or delivery of it to the policyholder will be considered proof of notice.

(Doc. 10 at 35).

On September 15, 2009, Nationwide sent Plaintiff Phillips a letter correctly addressed to her residence advising her that Nationwide would no longer provide her with coverage. The letter advised Ms. Phillips that " Nationwide will not continue to provide coverage because: due to Nationwide Claims on: August 12, 2007, May 27, 2009, and June, 22, 2009. . . . Therefore, we are hereby providing notice that your policy is being non-renewed (cancelled) and will no longer be in effect as of 12:01 a.m., local time on October 27, 2009." (Doc. 10 at 5). At the time of the non-renewal, Ms. Phillips' automobile insurance policy had a policy period of April 27, 2009 to October 27, 2009.  Then, on September 22, 2009, Nationwide mailed Ms. Phillips a letter to her residence advising her that "this bill represents the balance due on your policy that has been cancelled." (Doc. 10 at 54).

On September 17, 2010, an automobile driven by Ms. Watts collided with Ms. Phillips' automobile.  After the accident, Ms. Phillips filed a claim with Nationwide for coverage, and Ms. Watts submitted a claim to Nationwide alleging damages caused by Ms. Phillips' alleged negligence.  When counsel for Ms. Watts[2] inquired why Nationwide afforded no coverage for the loss, Nationwide mailed a copy of the cancellation letter and stated that Ms. Phillips' "policy was not active for the date of loss." (Doc. 10 at 56).

## II. Standard of Review

Summary judgment is an integral part of the Federal Rules of Civil Procedure. Summary

---

[2] Although Nationwide's statement of facts states that Ms. Phillips' counsel inquired as to why no coverage was being afforded for the loss, (doc. 8 at ¶ 9), the record indicates that counsel for Ms. Watts made that inquiry. (See doc. 10 at 57).

judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56. When a district court reviews a motion for summary judgment, it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law. *Id.*

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56). The moving party can meet this burden by offering evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–23. Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Disagreement between the parties is not significant unless the disagreement presents a "genuine issue of material fact." *Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a *genuine issue for trial.*'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)) (emphasis added); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e) ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial."). The nonmoving party need not present evidence in a form admissible at trial; "however, he may not merely rest on [the] pleadings." *Celotex*, 477 U.S. at 324. If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

In reviewing the evidence submitted, the court must "view the evidence presented through the prism of the substantive evidentiary burden," to determine whether the nonmoving party presented sufficient evidence on which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 254. However, the court must refrain from weighing the evidence and making credibility determinations, because these decisions fall to the province of the jury. *See Anderson*, 477 U.S. at 255; *see Stewart v. Booker T. Washington Ins. Co.*, 232 F.3d 844, 848 (11th Cir. 2000). "Even if a district court 'believes that the evidence presented by one side is

5

of doubtful veracity, it is not proper to grant summary judgment on the basis of credibility choices.'" *Feliciano v. City of Miami Beach*, 707 F.3d 1244, 1252 (11th Cir. 2013) (citing *Miller v. Harget*, 458 F.3d 1251, 1256 (11th Cir. 2006)).

Furthermore, all evidence and inferences drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *See Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274,1282 (11th Cir. 1999). The nonmoving party "need not be given the benefit of every inference but only of every reasonable inference." *Id.* The evidence of the non-moving party "is to be believed and all justifiable inferences are to be drawn in [its] favor." *Anderson*, 477 U.S. at 255. After both parties have addressed the motion for summary judgment, the court must grant the motion *only if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56.

**III. Analysis**

Ms. Phillips filed this third party complaint against Nationwide requesting a declaratory judgment regarding Nationwide's duty to defend and indemnify her in the litigation with Ms. Watts. Ms. Phillips also asserted claims for breach of contract, bad faith, and unjust enrichment against Nationwide. Nationwide filed a motion for summary judgment on February 23, 2016, and the court entered a briefing schedule requiring that Ms. Phillips' response was due by March 21, 2016. However, Ms. Phillips did not file a response to Nationwide's motion. Because the court finds that no genuine issues of fact exist and Nationwide is entitled to judgment as a matter of law, Nationwide's motion for summary judgment is due to be granted.

Ms. Phillips' request for a declaratory judgment and claim for breach of contract both turn on the existence of an enforceable contract. *See State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 303 (Ala. 1999) ("A plaintiff can establish a breach of contract claim by showing '(1) the existence of a valid contract binding the parties in the action, (2) [her] own performance under the contract, (3) the defendant's nonperformance, and (4) damages.'"). Here, the undisputed facts establish that Nationwide sent Ms. Phillips a letter advising her that Nationwide would no longer provide her with coverage after October 27, 2009. Because Nationwide did not renew Ms. Phillips' automobile insurance prior to September 17, 2010, when Ms. Watts and Ms. Phillips collided, no valid contract bound Nationwide at the time of the loss. Accordingly, Ms. Phillips' claims for breach of contract and declaratory judgment premised on the coverage agreement fail as a matter of law. Simply put, no contract for insurance coverage existed on September 17, 2010.

Similarly, in her complaint, Ms. Phillips claims that Nationwide engaged in bad faith when it cancelled her insurance policy, did not provide notice of cancellation of coverage, and refused to investigate her entitlement to coverage. However, the Alabama courts do not recognize a claim for bad faith cancellation of an insurance. *See Alfa Mut. Ins. Co. v. Northington*, 604 So. 2d 758, 759 (Ala. 1992) (citing *Watkins v. Life Ins. Co. Of Georgia*, 456 So. 2d 259 (Ala. 1984)). Besides, Nationwide did not cancel the policy but refused to renew it. Accordingly, Ms. Phillips's claims based on her allegations of bad faith cancellation also fail as a matter of law.

To the extent that Ms. Phillip's asserts additional bad faith claims, her claims also fail

because no insurance contract existed at the time of the loss. *See Aplin v. American Sec. Ins. Co.*, 568 So. 2d 757, 760 (Ala. 1990).

> [T]o present a prima facie case of bad faith refusal to pay an insurance claim, the insured must prove: (1) the existence of an insurance contract between the parties, and a breach thereof by the insurer; (2) an intentional refusal to pay the insured's claim; (3) the absence of any reasonably legitimate or arguable reason for refusal; (4) the insurer's actual knowledge of the absence of any legitimate or arguable reason; and (5) if the intentional failure to determine the existence of a lawful basis is relied upon, the insured must prove the insurer's intentional failure to determine whether there is a legitimate or arguable reason to refuse to pay the claim.

*Id*. (citing *National Security Fire & Casualty Co. v. Bowen*, 417 So. 2d 179, 183 (Ala.1982)). As noted above, because Nationwide did not renew the insurance policy before the time of the loss, Ms. Phillips could not establish a prima facie case for her bad faith claims.

Finally, Ms. Phillips also asserts in her complaint that Nationwide has been unjustly enriched because Nationwide continued to withdraw insurance premiums from her account until October of 2010, one month after the collision with Ms. Watts. Specifically, Ms. Phillips contends that Nationwide debited her account $2,441.66 between October 2009 and October 1, 2010. (Doc. 1-2 at 7). However, Nationwide has provided an accounting of Ms. Phillips' payments related to her automobile policy that does not indicate Nationwide debited her account any time after it did not renew her policy. (Doc. 70). Conversely, in response to Nationwide's motion, Ms. Phillips has not proffered any evidence that Nationwide continued to debit insurance premiums from her checking account. Simply put, Ms. Phillips has failed "to demonstrate that there is indeed a material issue of fact that precludes summary judgment" as to her claims for

unjust enrichment. *Clark,* 929 F.2d at 608. At this stage, Ms. Phillips may not simply rely pleadings but must proffer evidence, which she failed to do. *See Celotex*, 477 U.S. at 324. Accordingly, Nationwide's motion for summary judgment is also due to be granted as to Ms. Phillips' unjust enrichment claims.

### IV. Conclusion

In summary, Ms. Phillips has failed to show that a genuine issue exists for trial. The undisputed facts establish that Nationwide did not renew Ms. Phillips' insurance coverage long before her collision with Ms. Watts. Therefore, Nationwide owed no duty to indemnify or defend Ms. Phillips at the time of the loss, and Nationwide is entitled to judgment as a matter of law as to Plaintiff's claims for breach of contract and bad faith. Additionally, the undisputed facts establish that Nationwide was not unjustly enriched. Therefore, the Nationwide's motion for summary judgment is due to be **GRANTED**.

The court will enter a separate final judgment order contemporaneously with this Opinion.

**DONE** and **ORDERED** this 16th day of June, 2016.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE